We'll turn now to argument in our next case, 21-102, Samake v. Thunder Lube, Inc. And we're going to hear from the appellant, Mr. Hassan. Your Honors, good morning, and may it please the Court. My name is Mr. Abdul Hassan. I represent the plaintiff appellant, Sisakouba Samake. Your Honors, if this Court finds that the purported agreement that caused the filing of the notice of dismissal in this case created a potential preclusive effect as to the FLSA claims, then it could and probably must set aside a notice of dismissal. Otherwise, the notice of dismissal file controls— Wait, I'm sorry. What do you mean? You're saying that the arbitration agreement precluded the voluntary dismissal? No. I'm saying if, on the context of Cheeks, the district court had issued an order citing certain authorities for the proposition that if the dismissal or the circumstances surrounding it creates a potential preclusive effect as to FLSA claims— Well, in Cheeks, we just said that a settlement of FLSA claims creates a problem, and so the I think it might have been odd for the district court, when it's a unilateral voluntary dismissal, to even ask whether there's a settlement. There wasn't really an indication that there was a settlement. But why would you think that there would be preclusion? Wouldn't you just say, well, there's no settlement. I'm just voluntarily dismissing the claim. Right, because the concern from the so-called Supreme Court cases in Brooklyn, Savings, and Gansey— By the way, I have a different problem. I tend to agree with the Court. I stood here six years ago and argued a Cheeks case, and you disagreed with me there. But I do agree that, in most instances, dismissals without prejudice probably do not require court approval. We left that question open in Cheeks, right? Yes, Your Honor, it was specifically left open. What's your position on this appeal with respect to that issue? My position in this case here is that when we filed it, we felt that court approval was not required. But after the district court, and judges are divided—as you know, judges are on both sides of the issue—the district court here cited another one of my cases, which held that a dismissal that creates a potential preclusive effect, such as where the status of the limitation would run, and the plaintiff would end up not having a claim, then the court needs to review the dismissal. To answer— Well, hold on a second. Just to follow up on that question, I mean, wouldn't all the reasons why a court in a Fair Labor Standards Act case would want to examine the circumstances of a stipulation—wouldn't all those same considerations apply when you have a voluntary withdrawal of the claim? After all, if you wanted to get around the rule that said that a stipulation has to be examined, all you'd have to do is to say, well, in that case, just have one party act and voluntarily withdraw the claim. You could just make Cheeks a dead letter. Your Honor, I do not necessarily disagree with you. I've become a believer in Cheeks since that case. Oh, but sorry, wasn't it just obvious that Samake was not acting pursuant to a settlement? I mean, the voluntary—notice the voluntary dismissal said he wanted to pursue the claim with state authorities and so on, so it was not like he was surrendering his claims. Well, so— Yes, so what would the Cheeks—and he was doing it without prejudice, so there's no surrendering his claims. He's doing it without prejudice. What would the Cheeks' concern be? Oh, yes. I was getting back to your question on that. What the courts are concerned with, the Supreme Court in those two cases, Brooklyn Savings and this Court, is the waiver, whether the waiver can occur in a number of reasons, including one case, unfortunately, the boss murdered the waitress who was claiming her wages and threatened to kill her and this and that and the other. So for example, let me give you an example. So you're suggesting that the arbitration agreement, by creating a one-year statute of limitations effectively for his claims, is a surrender of his FLSA claims, is that the idea? Well, it absolutely, by its plain terms, is. It says you can only claim for one year, and if you don't— So you're saying the arbitration agreement is invalid, but that's not—I mean, that wouldn't be a reason why your voluntary dismissal wouldn't be allowed, would it be? I'm addressing the court's— But when you pursue your claim to keep going, to challenge the arbitration agreement, so if the employer files a motion to compel arbitration and you have an argument that the arbitration agreement is invalid, you would want to pursue the claim to say that the arbitration agreement is invalid. You wouldn't voluntarily dismiss the claim, would you? Well, in this case, remember the district court issued an interesting order after the pre-motion letters saying that he did not see sort of any issues. It was a premature letter because, as you can see in the end, the district court found the issues very difficult to deal with and he punted them over to the arbitrator. So, Mr. Hassan, you know, I'm just a lowly district court judge. What are you suggesting is the appropriate cheeks inquiry in cases where there's a dismissal—frankly, with or without prejudice, am I going to have to—if I adopt your position, am I going to have to ask in every case, well, is there an alternative way to pursue the felicit claims? Is there—is that, you know, if it's arbitration, is it—does the arbitration agreement effectively permit you to effectively vindicate the claims? I mean, it seems to me that the inquiry that happened here is one that, if it is required by law, would be a tremendous expansion of cheeks and create a huge burden on the district courts. What am I missing? Your Honor, that argument has some merits. I made that argument in Cheeks itself. It was not adopted by this court. This court held it at overriding concerns. That is worth the time and effort, and as you know, we had a motion recently this week, Your Honor, and you're more than just a district court judge. Your Honor, the—I don't—I understand the very good reasons behind it. Now, I—one of the positions that I've taken, when people are represented by counsels, there's some deference that's given to the position of the lawyers. Let's say both—the counsel for both parties agree that everything is in the up and up and the dismissal is without prejudice, then there's some deference that should be given to those lawyers in that context. This court held there is no deference given when it's a dismissal with prejudice. Can I ask you a separate question, which is, the district court here said that your client voluntarily withdrew the notice of dismissal. Is that even a thing that a party can do? I mean, we have said, right, the law is settled that the filing of notice of dismissal under Rule 41 automatically terminates the lawsuit, and no action by the court is necessary. I understand there's a Cheeks exception, but if we don't think the Cheeks exception applies here, then wouldn't the voluntary dismissal have automatically taken effect? Absolutely, Your Honor. And so then when the district court says, well, I think that the plaintiff withdrew the voluntary dismissal, what he was effectively doing was vacating the notice of dismissal, right? Well, because there isn't really an option once the lawsuit is terminated for the plaintiff to turn around and say, well, actually, I'm not voluntarily dismissing, right? What has to happen is maybe he files a motion, but the district court has to vacate the voluntary dismissal, because it happens automatically. Absolutely, Your Honor. Okay, so that's right. But the district court did that on June 25th. The district court said that the voluntary dismissal was withdrawn. So that means the district court was vacating the voluntary dismissal on June 25th, 2019, right? No. I view that as related to the issue we've raised, which we subsequently briefed in greater detail. And this is very common in the district court. But if on the 25th, the district court enters an order that says, in light of plaintiff's letter withdrawing the voluntary dismissal, you know, the parties shall file a joint letter talking about further proceedings. But the district court was making clear on June 25th, 2019, that the voluntary dismissal was not effective, right? I don't know what it was making it clear. Well, I don't understand. So it says, withdrawing the voluntary dismissal, the parties shall file a joint letter advising the court whether they intend to continue briefing the defendants in the motion to dismiss. And if so, whether they're seeking an extension of time in briefing. So there was further proceedings going on. It was pretty clear the district court had decided that there wasn't going to be a dismissal. I think the district court definitely did that in December of 2020. Well, no. December of 2020, that's when it makes a decision on the motion to compel arbitration. But it's making very clear on, because, you know, to proceed, you have to have briefing and so on. But on June 25th, 2019, the district court makes it clear the case is not dismissed. Let me disagree a little bit there, Your Honor. What the court was referring to there, how we view that, is something that happens very often. There's a dismissal filed, there's an offer of judgment, there's something. And then there is some briefing or some submissions concerning the impact or the relevance of chiefs to the proceedings. So when I told the district court further briefing is needed, that's what we were referring to. And when he said withdrawn, I think it was the same as saying held in abeyance or subject to abeyance. So you're saying the further proceedings that were going on were not proceedings on the merits, but as to whether the voluntary dismissal should be entered? So you're saying even after June 25th, 2019, it was possible that the district court was still going to so order the voluntary dismissal? Yes, because the district court never addressed, if you notice, the district court never addressed the... If I disagree with you, and I think actually on June 25th, 2019, it was pretty clear the district court had decided that there was no voluntary dismissal, and so it was effectively vacating the voluntary dismissal, then isn't your appeal untimely because you would have had to appeal within 30 days of that order? No, no, not at all. I think the auditor controls here. The only time the district court addressed the dismissal, the notice in any substance, was on December 22nd. What did the district court say about the dismissal on December 20, 2020? District court didn't address the voluntary dismissal, it just said that the motion to compel arbitration is granted. Well, it did address the notice of dismissal. It said that, and for the first time, the district court said that the FAA is an exemption to Rule 41, and therefore, for the first time in the case, it mentioned that. The notice on June 25th, the decretal language refers just to the briefing schedule, right? That's what the decretal language of the order refers to. Yes, yes. And, for example, the district court- Well, if the case had been voluntarily dismissed, could the district court have asked for briefing on the motion to compel arbitration? If the case had been dismissed at that point, by what authority would the district court have asked for briefing on the motion to compel arbitration? To determine whether the dismissal was effective, often according to the chamber. Okay, so you think that proceedings continue just to determine whether the dismissal was effective? As is very common in the district court. So, probably, if they did that, the district court would have had to decide that question before deciding the motion to compel arbitration, right? And we- But, instead, the district court did them simultaneously. Right. So, the district court was considering the merits in a case that might very well have been dismissed. The issues overlap, because, remember, the source of the preclusion or the preclusive  Well, then, can I ask a separate question? So, you're saying that what you're effectively doing, then, is getting an advisory opinion from the district court with respect to the enforceability of the arbitration agreement? Actually, let me ask you, is there an arbitration going on right now? No. No. There is not. So, has your client sought an arbitration? So what's going on? Has your client filed a claim in arbitration? No. No. No. No. Because of the provisions in the agreement, they're horrific. So, this is all essentially advisory? What is advisory? The court's opinion with respect to the enforceability or non-enforceability of the arbitration agreement. Well, I'm not sure I understand the question, but let me see if I can- I mean, the question is, does it arise in a real- decide a real dispute between the parties? I mean, ordinarily, motions to compel arbitration are decided when there's a live dispute. Well, there is a vacatur of a notice of dismissal, which under this court's precedent in ISC versus Noble, can be appealed to this court. Our position is- Sorry, you can answer that question, then I have a follow-up. If we have to go to arbitration where my client is at risk- well, not just at risk, he definitely will lose 95% of his claim and at risk of paying a horrendous amount of money to the plaintiff, then there's an easy decision. It's a sad decision, but it's an easy one to just walk out of the courthouse and, you know, it is what it is. So you said that- so you're not appealing from the order of June 25th, 2019, you're saying that December 22nd, 2020 is your position, right? Yes, Your Honor. But that would bring up- Isn't that an order granting a stay of the action under Section 3 and directing arbitration to proceed under Section 4, and therefore Congress has said you're not allowed to appeal from such an order? Well, that's a multi-page order doing a couple things. It first of all held that the notice of dismissal is negated by the federal arbitration act. So you're saying that we should understand the December 22nd, 2020 order as not simply being an order to stay at the proceedings and compel arbitration, but also an order vacating the voluntary dismissal. Yes, and I think one has to come before the other. This is where we get to, Your Honor, secretly. So if the order vacating the voluntary dismissal didn't occur until December 22nd, 2020, your position is that when Samake filed the notice of voluntary dismissal on June 17th, 2019, it was effective until vacated December 22nd, 2020. So all of that time, the district court was proceeding in a case that had been dismissed without jurisdiction. No, the court was trying to- we had a live issue that was raised by the court itself, and this happened- So you're saying it was deliberating over its jurisdiction at that time. Yes, and we briefed- when we argued, we said all of these provisions here would create a preclusive effect, going back to the court's order in June, and we said to the court, in light of the preclusive effect, the case should stay in court and the notice can be vacated, but if the court doesn't believe that, then the court has to give effect to the notice of dismissal filed back in June, and sometimes I've had cases, the Carson, the Brown case that the court- Can you clarify for me again, what's the connection between the two things? So whether the arbitration agreement is valid or not, why would that affect whether the voluntary dismissal notice should be given effect? Oh, so when we call it an arbitration agreement, it does a whole lot of things. It talks about arbitration, but it also talks about waiver of claims. You waive five out of six years of your claim, you're only allowed one year. Talks about waiver of FSLA right to legal fees. It talks about- No, okay, I get it. It's not just an arbitration agreement. I understand that point, but why would the validity of that agreement affect Samake's ability to file a notice of voluntary dismissal? Because with that agreement in place and presented in court, if that controlled the parties, and if that's the reason that he's filing notice of dismissal, which it was, then the dismissal is tied to an agreement, which creates a potential- So you're basically saying we should understand Cheeks to extend to the circumstance where the plaintiff has a pre-existing agreement with the employer, and he doesn't want to as not allowing him to voluntarily dismiss the case under those circumstances until the district court determines whether that pre-existing agreement is valid. I mean, essentially, if we adopted your position, everybody who had a complaint about an arbitration agreement would be able to get a free advisory opinion as to the enforceability of that arbitration agreement simply by the expedient of filing a notice of dismissal, and then pursuant to the ruling that you're asking us or that you would have us adopt, pointing out, well, there is an arbitration agreement, but it's got all of these unenforceable clauses, and we has actually asked to pursue. That's what I'm missing. No, no, because remember, when we filed on, in June 17, we're ready to walk out of the courthouse. Of course, just come back here, we got some unfinished business. Let's discuss these Cheeks issues, potential preclusive effect, and that's how everything continued on. I understand that, but is that the right test, the potential preclusive effect? Well, that's beyond my fair grade, Your Honor. What's your position on that? One of the reasons I've come around to accepting this Court's ruling in Cheeks is that experience has proved it correct. There's some horrific practices that are going on. I can't mention all of them, but I've come to the position. It is time-consuming, Your Honor. I had a motion with you. I said, look, I got to submit all this stuff. It's taking up my time, but do I believe, if I step back from my... If there's a settlement, maybe the employee has agreed to a settlement that he shouldn't have and is effectively waiving his rights and so on, but in this case, your client was pursuing relief, and if your position is that the agreement with the employer is invalid, shouldn't the way to challenge it be not to voluntarily dismiss your suit, but to respond to the motion to compel arbitration by saying you're not bound by the arbitration agreement because it's invalid? Well, here... Why should we have this odd, indirect way of resolving that question when it was open to you to make that argument directly in court? Well, we did, and we were able to make it on the... kill two birds with one stone, so to speak, but what the District Court did here, unlike other courts that have struck these provisions as not just violation of the FLSA, but violation of the FAA, the Effective Vindication Doctrine, the court said, that's the role of the arbitrator, and that's something you should, I think, touch upon, because appellate rights are limited in these cases. This has an unusual procedural posture that allows this proceeding, but otherwise, as Judge Langman pointed out, there's a stay and so on and so forth under the FAA, if that's the relevant statute. So, I pointed out two cases, one involving these defendants before another district judge who said, obviously, the Supreme Court said, arbitration was packaged and sold as a change in forum or a change of scenery. The Supreme Court said, if you have to waive your substantive rights, arbitration is not allowed. You have to be able to vindicate your substantive rights. So, we told the District Court here, these are all substantive rights, including the most precious right, the right to wages, 95% of which are lost. The District Court You're seeking a dismissal in this case, right? We, our position is But you think the District Court should have just allowed the voluntary dismissal? Initially, but as Judge Langman asked me, my position on the Cheeks issue, I have to be out of candor What do you want us to do? What do you want our mandate to say? Oh, very simple. The mandate should say, we find that No, not find. What should the mandate tell the District Court to do? Okay. The first thing it should do is say, the purported arbitration agreement creates a potential preclusive effect, as the FLSA claims, therefore, the case will So, you want us to rule on the validity of an order mandating arbitration? No For which we have no jurisdiction, by the way No, Your Honor. The same issue comes up, but in a different context No, but you've just told me what you want the mandate to say You want us to overrule an order that directs the parties to resolve their dispute by arbitration But by a different route, which is proper By whatever route Yeah The question is whether we have the power to issue that, and we don't And I think that's the beginning and the end of your case, sir Your Honor, let me say this. The District Court vacated on the basis of the FAA, all right? One of the arguments we make as to that, the FAA does not apply because So, all you're saying, all you keep saying is you want us to overrule an order that directs the parties to arbitration That's what you want I would have thought your position would be quite much simpler in that you want us to reverse the District Court's vacater of the notice of voluntary dismissal Yeah, that's And give effect to the notice of voluntary dismissal Right, that's what I'm saying Because the District Court should not have vacated that notice, it should have just allowed it to take effect Correct, that's the simplest and most direct ruling But then in order to get to that, you have to say that the District Court vacated the notice of voluntary dismissal not on June 25th, 2019, but on December 22nd, 2020 So you're asking us to read the order compelling arbitration to also be an order vacating the notice of voluntary dismissal You would be appealing that order and we would be reversing and saying the District Court should not have vacated it Yes, Your Honor. I think at best there is a factual dispute as to what occurred whether there was a dismissal or a vacator or whatever in light of our Chief's argument Our position is to get back to Judge Jacobs' question What we're saying in this case is that the notice of dismissal controls unless an exception applies I'm telling you out of candor to the Court, even though I was against it If the notice of dismissal applies, what is the notice of dismissal? The document that was filed on June 17th, 2019 to dismiss the case as of right without prejudice And that was denied? That was vacated on the grounds of the FAA And did you take an appeal from that? Well, the District Court actually thought that you had withdrawn it The District Court did not say it's vacated by the FAA The District Court seemed to imply that in the December 22nd decision In the December 22nd decision, it sort of suggested that even if it was still available the FAA wouldn't allow you to voluntarily dismiss at that point But it also referred to the idea that you had withdrawn it previously And it referred to its earlier order in June 2019 saying that it had been withdrawn Right, but we did not. We're in the best position to say what happened If you look at the context, at best it's a question of fact that a jury would resolve at some point But we know for certain the Court did vacate on December 22nd, 2020 Okay, thank you Mr. Hassan Well argued. The case is submitted